the grease traps had a market value of more than $50.

The appellant did not testify but called one witness who testified only about appellant's employment.

The evidence is sufficient to sustain the conviction. There are no formal bills of exception or objections to the court's charge. The informal bills in the statement of facts have been examined and do not reflect error.

The judgment is affirmed.

Opinion approved by the court.

**CAPITAN BOWLING CENTER, INC., et al.,**
Appellants,

v.

**BOWLING SALES COMPANY, Appellee.**
No. 4041.

Court of Civil Appeals of Texas.

Waco.

Oct. 11, 1962.

Rehearing Denied Nov. 1, 1962.

Tobolowsky, Hartt, Schlinger & Blalock, Grover Hartt, Jr., Dallas, for appellants.

Storey, Armstrong & Steger Paul S. Adams, Jr., and Robert M. Martin, Jr., Dallas, for appellee.

McDONALD, Chief Justice.

Plaintiff (appellee) Bowling Sales Company, instituted this suit against 5 Bowling Centers (which though separate corporations, were all commonly owned), on sworn accounts based on 5 written contracts (each identical with the 5 Bowling Centers), covering purchase of "Strike A Lite" bowling equipment by the defendants.

Defendants plead that plaintiff's manager agreed in writing that if the defendants were not "completely satisfied" with the equipment or its operation during a term of 6 months, that they could rescind the contract and have the equipment picked up by plaintiff and that "all moneys paid in will be refunded." Defendants further plead that plaintiff falsely represented that the "Strike A Lite" equipment would increase business; that the equipment was defective; and that within 6 months defendants rescinded. Defendants, by cross action, sought judgment against plaintiff for the moneys paid by defendants to plaintiff on the equipment.

Trial was to a jury which, in answer to Issue 1, submitted, found:

"The statements and representations contained in the letter of April 1, 1960 were not with respect to material matters. (Unanswered were issues inquiring if defendants relied on such statements, and whether same induced defendants to sign the contracts for the equipment)."

The Trial Court entered judgment for plaintiff against defendants for the unpaid balances due under the purchase contracts (plus attorneys' fees), and denied defendants any recovery on their counterclaim.

Defendants appeal, contending among other things, that the jury's answer to Issue 1 is against the great weight and preponderance of the evidence.

The record reflects that on March 8, 1960, plaintiff and defendants entered into written contracts by which plaintiff sold to defendants certain "Strike A Lite" bowling equipment for stipulated prices. The contracts recite that they constitute the "entire agreement" between the parties, and that the equipment is "not being sold on trial."

The record further contains an agreement in writing, dated April 1, 1960, but which the evidence reflects was entered into on the same date that the sales contracts were executed. Such agreement reads:

"It is also agreed that if (defendants) * * *, are not completely satisfied with the Strike A Lite equipment or its operation during a term of 6 months from the date of this letter, by notifying (plaintiff), the equipment will be picked up (from defendants) and all moneys paid in will be refunded."

Such latter agreement was signed by defendants' President and plaintiff's District Manager for New Mexico and Texas.

It is undisputed that defendants became dissatisfied with the equipment, and within the 6 months period notified plaintiff to pick up the equipment and make refund of the payments made. Plaintiff refused, and filed the instant case.

 It is our view that such letter, if executed subsequently (as it shows on its face) constitutes a modification of the original contract (which the parties had a right to do); and it is our further view that, if such letter was executed contemporaneously with the printed agreement, that such letter was a part of the contract of the parties. We are also of the view that the representations in the letter that plaintiff would pick up the equipment and refund defendants' money, if defendants were dissatisfied within 6 months, was certainly with reference to material matters. We think that the jury's finding that such representations were not with respect to material matters, is against the great weight and preponderance of the evidence.

Defendants' point in this regard is sustained, and the judgment appealed from is reversed, and the cause remanded. In view of another trial, we point out, that in our view, the cause was tried and submitted upon an erroneous theory; therefore all parties are accorded opportunity to file amended pleadings if they so desire. Reversed and remanded.